UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | | |
|---|---|---|
| CARMINE PARDI | ) | Case No. **11 CV 0646 –A** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| AFNI, INC. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Carmine Pardi ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Erie, and City of Buffalo.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, AFNI, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a

"debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written communication dated April 15, 2011 in which Defendant falsely represented that Plaintiff owed an alleged debt of $49.18.

12. However, Plaintiff paid said debt in full on June 21, 2010, and therefore, Defendant falsely represented the character, amount, or legal statute of Plaintiff's debt and further attempted to collect an amount from Plaintiff that is not permitted by law. (15 U.S.C. § 1692e(2)(A), 1692e(10), 1692f(1)).

13. By way of its May 19, 2011 collection call to Plaintiff's home, Defendant

did, where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

14. Defendant's actions constitute conduct highly offensive to a reasonable person.

### COUNT I--(15 U.S.C. § 1692e(2)(A), 1692e(10), 1692f(1))

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. In collecting said invalid debt, Defendant unreasonably relied on its client's representations as to the debt's status, and cannot show by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 1692k(c); *Kasalo v. NCSPLUS Inc.*, 2011 WL 2582195 (N.D. Ill. 2011).

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and

proper.

### COUNT II--(§ 1692c(a)(2))

18.  Plaintiff repeats and re-alleges each and every allegation contained above.

19.  In collecting said invalid debt, Defendant unreasonably relied on its client's representations as to the debt's status, and cannot show by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 1692k(c); *Kasalo v. NCSPLUS Inc.*, 2011 WL 2582195 (N.D. Ill. 2011).

20.  Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

21.   Plaintiff is entitled to and hereby demands a trial by jury.


This 28 day of July, 2011.


ATTORNEYS FOR PLAINTIFF
*Carmine Pardi*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012